UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE

New Hampshire Finance Authority

    v.                                        Civil No. 06-cv-248-JM

Reginald Chown, Jr., et al.


**O R D E R**

In this interpleader action three parties have made claim to all or part of the $68,447.83 which was interpled: (1) the Internal Revenue Service ("IRS") for tax liens of $128,000.00; (2) the Littlefield Condominium Associates ("Littlefield") for condominium fee liens of $5,668.86; and (3) New Hampshire Housing Finance Authority for attorneys fees of $3,580.68.  The IRS and Littlefield have filed cross motions for summary judgment.  The Housing Finance Authority has not objected to either motion.

Undisputed Facts

The facts are not disputed.  Reginald and Laurie Chown purchased Unit no. 16 in the Littlefield Condominium in 1993 with a $47,900 purchase money mortgage and note which was assigned to the Housing Finance Authority.  They defaulted on the note and the mortgage was foreclosed on November 15, 2004.  The surplus

funds of $68,447.83 were interpled by the Housing Finance Authority.

The Chowns had unpaid federal tax liabilities assessed for tax years 1995, 1997, 1998 and 1999.  Federal tax liens were filed on February 10, 1977 and again on July 17, 2006 for the $33,066.91 due for 1995, and on May 14, 2001 for the tax years 1995, 1997 ($45,030.89 due), 1998 ($21,395.25 due) and 1999 ($29,059.02 due).

Littlefield filed liens in the Registry of Deeds for unpaid condominium fees of $1,145 on July 15, 2002, $1,379.37 on August 17, 2003, and $4,116.49 on July 21, 2004.  The earliest year of unpaid condominium fees was 2002.

New Hampshire Housing Finance Authority claims fees and expenses of $3,580.68 in filing the interpleader action.

## Discussion

Since there are no genuine issues of material fact the case presents a pure legal question ripe for decision on summary judgment.

The New Hampshire Condominium Act, N.H. RSA 356-B:46(I) provides:

> The said lien, once perfected, shall be prior to all other liens and encumbrances except (a) real estate tax liens on that condominium unit, (b) liens and encumbrances recorded prior to the recordation of the declaration, and (c) sums unpaid on any first mortgages or first deeds of trust encumbering that condominium unit and securing institutional lenders.  The provisions of this paragraph shall not affect the priority of mechanics' and materialmen's liens.

On its face, this statue would give perfected condominium liens priority over federal tax liens, even those perfected prior to the condominium lien.  Littlefield maintains that its liens have priority over the IRS liens based on this statute.

However, federal law, not state law, controls.  "A federal tax lien is wholly a creature of federal law." Rodriguez v. Escambron Development Corp., 740 F.2d 92, 96 (1st Cir. 1984).  "Federal law governs the priority of a tax lien against other rights to property." Id. at 97 (citations omitted).  26 U.S.C. § 6323 does not give condominium liens priority so federal common law controls.  "Where Congress has not prescribed a different rule, the basic rule of the federal common law is 'first in time, first in right': the tax lien is junior only to liens that attached to the asset and became choate before the tax lien arose." Id. (citations omitted).

A choate lien is one which requires nothing more to be done – i.e. it is perfected.  That requires that "'the identity of the lienor, the property subject to the lien, and the amount of the lien are established.'"  United States v. McDermott, 507 U.S. 447, 449-450 (1993)(citations omitted).  Littlefield's earliest claim to perfection was July 15, 2002, long after the IRS liens had been filed.  The IRS liens are prior to Littlefield and the IRS is entitled to summary judgment as a matter of law.

It could not be more clear that the Housing Finance Authority is not entitled to its legal fees out of the proceeds. "(S)uch an allowance may not be charged against the portion of the fund which is subject to the tax lien of the United States". Manchester Federal Savings & Loan Assoc. v. Emery-Waterhouse Co. et al., 102 N.H. 233, 239 (1959) (citing United States v. Liverpool & London & Globe Ins. Co., 348 U.S. 215 (1955); see Gawryl v. Swan, 1997 WL 834824 (D.N.H.).  Again, the IRS is entitled to summary judgment as a matter of law.

The United States' motion for summary judgment (document no. 20) is granted and the motion of Littlefield Condominium Association (document no. 22) is denied.

**SO ORDERED.**

_____
James R. Muirhead
United States Magistrate Judge

Date: May 4, 2007

cc:   Thomas P. Cole, Esq.
      William H. Craig, Jr., Esq.
      Edmund J. Waters, Esq.